In the Interest of L. W. S., a Minor.

No. 44803.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 17, 1982.

Joseph W. Downey, Public Defender, Dorothy Hirzy, Public Defender, St. Louis, for defendant-appellant.

Donald Becherer, Chief Legal Officer, St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Juvenile proceedings. This is an appeal from a judgment of the Juvenile Division of the Circuit Court of the City of St. Louis finding after a hearing that L.W.S., then a sixteen year old juvenile, was in need of care and treatment under the Juvenile Code by reason of the commission of the offense of burglary in the second degree. L.W.S. was then ordered committed to the Division of Youth Services for appropriate placement.

The appellant contends on this appeal that the juvenile court abused its discretion because the evidence was insufficient to support his commitment to the Division of Youth Services. We disagree. A child over twelve years of age who is adjudicated pursuant to § 211.031.1(3) RSMo Supp. 1981, may be committed to the Division of Youth Services when the juvenile court determines a suitable community based treatment service does not exist or has proven ineffective. § 219.021 RSMo Supp. 1981; *In the Interest of J.L.P.,* 600 S.W.2d 47, 51 (Mo. App. 1980).

The appellant's adjudication was based on his commission of the crime of burglary second degree pursuant to § 211.031.1(2)(d), (3) RSMo Supp. 1981. The court could have reasonably found, based upon the social investigation and the testimony of the juvenile officer, that the community based treatment had proven ineffective. *In the Interest of J.L.P.,* 600 S.W.2d at 51. The adjudication arose from a burglary committed four months after discharge from official court supervision. He had been placed under this supervision also for burglary second degree. The social investigation report indicated that this was his fourth referral to the juvenile court [1] and that his mother was permissive regarding his behavior, especially in the area of his education. The appellant failed to attend school when he was under supervision. He could barely read or write.

1. One referral involved an incident where the juvenile was alleged to have fired two shots through a window with an air gun. The petition based on this incident was dismissed without prejudice. Another referral involved a charge of assault with intent to do great bodily harm. This was dismissed because the victim's parents did not wish to prosecute.

The juvenile officer recommended that the juvenile be committed to the Division of Youth Services but that this order be held in abeyance and the juvenile be placed under official court supervision. That part of the recommendation that the order of commitment be held in abeyance was rejected by the court.

The evidence was sufficient to support appellant's commitment to the Division of Youth Services. The juvenile court did not abuse its discretion in entering its order of commitment.

Judgment affirmed.

GUNN, C.J., and SIMON, J., concur.